**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION**

IN RE:

**JEROME C. NUNN**

                Debtor.                Case No.: 04-02158-8-JRL

**JOSEPH N. CALLAWAY, Chapter 7 Trustee**

        Plaintiff,

vs.                Adversary Proceeding No.:
                L-05-00036-8-AP

**LAWRENCE W. MILLER,**

        Defendant.

_____

**ORDER**

      This matter is before the court on the defendant's motion to amend findings of fact or make additional findings of fact and motion to alter or amend judgment. The motions are based on the order entered by the court in this adversary proceeding. See Callaway v. Miller, Case No. 05-00036-8-AP (Bankr. E.D.N.C. January 13, 2006).

      The defendant suggests that the court made an error in the sentences, "In this case, the voluntary conveyance of the one-fifth interest by the debtor and his wife through the correction deed did sever the entireties estate but the trustee may avoid the transfer under § 547. Thus, the correction deed transaction will be nullified." The plaintiff filed a response asserting no objection to the defendant's motion.

Upon review of the order, the court finds there is no mistake in the sentences as suggested by the defendant. Under North Carolina state law, a voluntary conveyance of entireties property severs the estate. See Hagler v. Hagler, 319 N.C. 287, 292 (1987). However, if the trustee avoids the conveyance of property pursuant to § 547, the deed conveying the property and severing the entireties estate is void. See L & M Gas Co., Inc. v. Leggett, 273 N.C. 547, 553-556 (1968). As such, the trustee restores the property to its original status as a tenancy by the entirety.

The court undertook this analysis to demonstrate hypothetically that the transaction could be avoided. However, since avoidance would result only in the trustee's ability to administer the property to the extent of the known joint claim, the equitable remedy in this case is to limit the plaintiff's recovery to a money judgment in the amount of the estate's interest in the property held by the defendant, rather than to revest title in the bankruptcy estate. The validity of the correction deed is not affected by the court's judgment in this proceeding. Although this order clarifies what was implicit in the court's ruling, it does not amend any findings of fact or conclusions of law. Accordingly, the defendant's motion is denied.

**So ordered:**

DATED:  January 26, 2006

J. Rich Leonard
United States Bankruptcy Judge